# EXHIBIT B

| | | |
|---|---|---|
| **RETURN DATE: MAY 31, 2022** | : | **SUPERIOR COURT** |
| | : | |
| **LAUREN ZERN PPA KIM ZERN** | : | |
| | : | **JUDICIAL DISTRICT** |
| | : | **OF STAMFORD/NORWALK** |
| | : | |
| | : | **AT STAMFORD** |
| | : | |
| **VS.** | : | |
| | : | |
| **BIGAIRBAG B.V.** | : | **APRIL 6, 2022** |

## COMPLAINT

1. The minor plaintiff, Lauren Zern, brings this action by and through her mother and next friend, Kim Zern.

2. Plaintiffs bring this action under Conn. Gen. Stat. § 52-572m et seq., to remedy the injuries of the plaintiff in this product liability action.

3. At all relevant times as the manufacturer and seller of the subject air bag, Bigairbag B.V., "Bigairbag" and/or "defendant," was a "product seller" as that term is defined in Conn. Gen. Stat. § 52-572m(a).

4. At all times mentioned herein, the defendant was and is a Netherlands private limited liability company with an address of Kapoeasweg 16, 1043 AD Amsterdam, The Netherlands.

5. The defendant had among its responsibilities consumer and corporate financing, sales and marketing, distribution and/or manufacturing of recretaional airbag products in the

United States, and it was a "product seller" for said products as that term is defined in Conn. Gen. Stat. § 52-572m(a).

6. At all times material hereto the defendant was engaged in the business of selling, distributing or otherwise providing products including the "Adventure Model" airbag that was used at Thrillz Adventure Park in Danbury, Connecticut, on April 17, 2019 at the subject premises.

7. At all times material hereto, the defendant was engaged in the distribution, design, formula, preparation, assembly, installation, testing, warnings, instruction, marketing, packaging and/or labeling of products including the airbag described above.

8. At all times material hereto, the defendant advertised, marketed, solicited for sale and sold and/or rented products to customers in the State of Connecticut.

9. On April 17, 2019, the minor plaintiff was a patron of Thrillz Adventure Park in Danbury, Connecticut, and jumped off a trampoline launch pad onto an improperly inflated airbag, all of which caused the minor plaintiff to suffer the injuries and losses set forth below.

10. The incident that caused the harm to the plaintiffs' decedent was of a kind that does not ordinarily occur in the absence of a product defect and any defect most likely existed at the time the product left the manufacturer's or seller's control and was not the result of the reasonably possible causes not attributable to the manufacturer or seller.

11. It was foreseeable to the defendant in the exercise of reasonable care that minor children would be depending on the safety of its airbag to safely break their fall when jumping off a launch pad.

12. In addition to and without limiting the allegations of Paragraphs 10 and 11, a substantial factor causing the injuries to the plaintiff were defendant's violation of the Connecticut Product Liability Act, Connecticut General Statutes §§ 52-572m-52-572q in one or more of, but not limited to, the following ways:

a. In that the airbag was in a defective and unreasonably dangerous condition;

b. In that the airbag did not hold the appropriate and/or safe level of fill, pressure, and/or inflation for use by the plaintiff when landing on the airbag;

c. In that the airbag did not allow for the appropriate and/or safe potential displacement volume for use by the plaintiff upon landing on the airbag;

d. In that the airbag could not be used without unreasonable risk of injury to the plaintiff;

e. In that the warnings and instructions which were given and which accompanied said airbag were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the said product;

f. In that Bigairbag misrepresented to the plaintiff and the general public that the airbag in question was safe for use by the public;

g. In that Bigairbag failed to disclose to the plaintiff and the general public the dangerous propensities of the airbag;

h. In that Bigairbag breached an implied warranty of merchantability in that said airbag was not of merchantable quality and fit for its intended purpose;

i. In that Bigairbag was negligent in failing to properly and adequately test the

      airbag prior to marketing it;

j. In that Bigairbag designed said product in a defective manner;

k. In that Bigairbag knew or should have known of the dangerous characteristics of said product yet continued their manufacture and distribution,

l. In that Bigairbag failed to perform sufficient or adequate testing prior for the use of its product;

m. In that Bigairbag used improper materials in the construction of said product;

n. In that a reasonable alternative design could have reduced or avoided the danger, and/or the design of the airbag marketed is manifestly unreasonable in that the risk of harm from the product so clearly exceeds its utility that a reasonable, informed consumer would not purchase or use the product; and

o. In that Bigairbag failed to manufacture the airbag in accordance with its applicable manufacturing specifications and/or said product was not manufactured as intended.

13. As a result of the incident, the minor plaintiff, Lauren Zern, suffered the following injuries, some or all of which may be permanent in nature:

    a) displaced comminuted right tibial fracture;

    b) upper and lower end right fibula fracture;

    c) right leg surgery requiring hardware placement;

    d) right leg pain;

    e) right leg weakness;

      f) right leg scarring and disfigurement;

      g) cellulitis of right lower extremity;

      h) right knee pain;

      i) left knee pain;

      j) bilateral knee weakness;

      k) right ankle pain;

      l) right ankle weakness;

      m) bilateral hip pain;

      n) right toes numbness;

      o) leg length and alignment discrepancy;

      p) back pain;

      q) fear of increased risk of future medical treatment and disability; and

      r) pain and suffering, both mental and physical.

14. As a further result of the incident, the minor plaintiff, Lauren Zern was unable and remains unable to participate in and enjoy her life's usual activities.

15. As a further result of the incident, the plaintiff's mother, Kim Zern, incurred expenses for medical care and treatment, all necessary to her daughter's recovery, and will likely be forced to incur additional expenses for medical care and treatment in the future.

16. Defendants are liable to the plaintiff for punitive damages.

WHEREFORE, the plaintiffs pray for the following relief:

1. Compensatory damages.

2. Punitive damages, Conn. Gen. Stat. § 52-240a.

3. Such other relief as the Court deems appropriate.

Dated at Naugatuck, Connecticut, this 6th day of April, 2022.


THE PLAINTIFF,
LAUREN ZERN PPA KIM ZERN


*Tim Fitzpatrick*
Tim Fitzpatrick, Esq.
Fitzpatrick Santos Sousa Perugini PC
203 Church Street
Naugatuck, CT 06770
Phone: (203) 729-4555
Fax: (203) 723-1914
Juris #437193

| | | |
|---|---|---|
| RETURN DATE: MAY 31, 2022 | : | SUPERIOR COURT |
| | : | |
| LAUREN ZERN PPA KIM ZERN | : | |
| | : | JUDICIAL DISTRICT |
| | : | OF STAMFORD/NORWALK |
| | : | AT STAMFORD |
| | : | |
| VS. | : | |
| | : | |
| BIGAIRBAG | : | APRIL 6, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
LAUREN ZERN PPA KIM ZERN

*Tim Fitzpatrick*
Tim Fitzpatrick, Esq.
Fitzpatrick Santos Sousa Perugini PC
203 Church Street
Naugatuck, CT 06770
Phone: (203) 729-4555
Fax: (203) 723-1914
Juris #437193