UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREN ZERN PPA KIM ZERN, ) *Plaintiff*, ) ) v. ) ) BIG AIR BAG B.V., ) *Defendant*. ) | 3:22-CV-665 (SVN) December 21, 2022 |

### RULING AND ORDER ON PLAINTIFF'S MOTION TO REMAND

Sarala V. Nagala, United States District Judge.

Minor Plaintiff Lauren Zern, through her next friend and mother Kim Zern, brought this product liability action in state court against Defendant, BigAirBag B.V., claiming that she suffered injury from a defect in a product Defendant supplied to an adventure park. After Defendant removed the case to federal court, Plaintiff filed the present motion seeking to remand the case back to state court so it can be consolidated with her pending negligence action against the owners and operators of the adventure park. For the reasons described below, Plaintiff's motion to remand is DENIED.

### I.  FACTUAL & PROCEDURAL BACKGROUND

The complaint, ECF No. 1-2, contains the following allegations. On April 17, 2019, Plaintiff went to Thrillz Adventure Park in Danbury, Connecticut. Compl. ¶ 9. She jumped off a trampoline launch pad onto an improperly inflated airbag that was manufactured by Defendant. *Id.* ¶¶ 6, 9. Plaintiff sustained injuries to her legs, hips, and back, and her mother incurred expenses for medical care and treatment. *Id.* ¶ 13, 15. Thereafter, Plaintiff initiated a negligence action in Connecticut state trial court against several corporations who together owned and operated the park: Thrillz, LLC d/b/a Thrillz High Flying Adventure Park; Thrillz Franchise Corp., LLC; Thrillz Franchising, LLC; Thrillz Supply, LLC; and Performance Rigging Solutions, LLC

(collectively, "the Thrillz defendants").  Civ. No. FST-CV-20-6047552-S; *see generally* ECF No. 17 at 11 (state court complaint).

In April of 2022, while that case was in discovery, Plaintiff filed the present action against Defendant in state court, Civ. No. FST-CV22-6056414-S, claiming that Defendant violated the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572m *et seq*.  *See generally* Compl.  Defendant subsequently removed to federal court, invoking the Court's diversity jurisdiction.  ECF No. 1.  Plaintiff has now moved to remand the case back to state court, urging the Court to abstain from exercising federal jurisdiction in light of the pending negligence action against the Thrillz defendants.  ECF No. 17.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in state court over which the federal district court has original jurisdiction.  Relevant here, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a).[1]

A federal district court may nevertheless abstain from exercising jurisdiction under certain circumstances.  "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of

---

[1] Neither party disputes that the Court has diversity jurisdiction over the case as currently captioned, given that Plaintiff is a citizen of New York, Defendant is a citizen of the Netherlands, and the amount in controversy exceeds $75,000. Notice of Removal, ECF No. 1 ¶¶ 3–6. Plaintiff, however, represents that, if the case is remanded, she intends to seek consolidation of this action with the action against the Thrillz defendants in state court, at which point the forum defendant rule would operate to destroy federal diversity jurisdiction because those defendants are citizens of Connecticut.  *See* ECF No. 17 at 7 (discussing *Wilmington Sav. Fund Soc'y, FSB v. Savvidis*, No. 3:20-CV-1522 (SRU), 2021 WL 106276, at *1 (D. Conn. Jan. 11, 2021) (remanding action back to Connecticut state court under the "forum defendant rule," 28 U.S.C. § 1441(b)(2), because the defendant was a citizen of Connecticut)).  The forum defendant rule does not apply to the present motion, however, given that Defendant removed this action to federal court before it was consolidated with Plaintiff's action against the Thrillz defendants.

a District Court to adjudicate a controversy properly before it." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1976) (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)).  Although there are several traditional categories of abstention, *see De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989) (listing the categories of abstention), a federal court may invoke *Colorado River* to abstain in cases involving "exceptional circumstances," *id.*, such as when "state and federal courts exercise concurrent jurisdiction simultaneously." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996).  "The underlying principles of the *Colorado River* doctrine rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 474 (S.D.N.Y. 2001) (quoting *Colo. River Water Conserv. Dist.*, 360 U.S. at 817).  These considerations, however, must be balanced against the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist.*, 360 U.S. at 817.

"Although the decision whether to abstain on *Colorado River* grounds is committed to the district court's discretion," such discretion "must be exercised within the narrow and specific limits prescribed by" the *Colorado River* abstention doctrine. *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 523 (2d Cir. 2001) (quoting, in part, *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)).  Because *Colorado River* abstention is appropriate only when multiple courts "exercise concurrent jurisdiction simultaneously," *Burnett*, 99F.3d at 76, the district court must first determine whether, as a threshold matter, the two proceedings at issue are indeed "concurrent," and then whether they are "parallel." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).  Two proceedings are parallel "when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk*

*Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Dittmer*, 146 F.3d at 118). Put another way, two proceedings are parallel when "there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997).

If the two actions are parallel, the district court weighs six factors to determine whether *Colorado River* abstention is appropriate, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The six factors are: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 121. "No single factor is necessarily decisive, . . . and the 'weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'" *Id.* (citing *De Cisneros*, 871 F.2d at 307, then quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16).

If the two actions are not parallel, *Colorado River* abstention is not proper. *Smulley v. Mut. of Omaha Bank*, 634 F. App'x 335, 337 (2d Cir. 2016) (summary order).

### III. DISCUSSION

#### A. Concurrent Proceedings

There is no serious dispute in this case that there are concurrent proceedings, as Plaintiff's negligence action is proceeding in Connecticut Superior Court against the owners of the adventure park while the present action is proceeding in this Court. Therefore, there is a "contemporaneous

4

exercise of concurrent jurisdictions." *Dittmer*, 146 F.3d at 118 (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991)).

### B. Parallel Proceedings

Although the state and federal proceedings are concurrent, *Colorado River* abstention is not proper in this case because the state and federal actions are not parallel. As noted above, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Id.* Here, there is no substantial identity of parties, issues, or relief in the two actions.

Beginning with identity of parties, there is no substantial identity between Defendant in this action, the manufacturer of the allegedly defective airbag, and the Thrillz defendants in the state court action, the owners and operators of the adventure park. "Similarity of parties is not the same as identity of parties," *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988), but neither must there be "[p]erfect symmetry" of parties, *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (citation and internal quotation marks omitted). Rather, two proceedings are parallel when they involve "*substantial* identity of parties." *Aurelius Cap. Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68, 73 (S.D.N.Y. 2010) (emphasis added); *see also Niagara Mohawk Power Corp.*, 673 F.3d at 100. As an initial matter, although Plaintiff is the plaintiff in both actions, Defendant in this federal action is not a defendant in the state action, and none of the Thrillz defendants are defendants in this federal action. *See Aurelius Cap. Master, Inc.*, 695 F. Supp. 2d at 73 (declining to abstain under *Colorado River* where none of the plaintiffs in the state action were a plaintiff in the federal action, and none of the plaintiffs in the federal action were a plaintiff in the state action); *Planz v. Planz-Saladino*, No. 3:20-CV-161 (JCH), 2021 WL 6693895, at *4 (D. Conn. June 24, 2021) (declining to abstain under *Colorado River* when the

federal plaintiff asserted claims against federal defendants who were not parties to the state court action).

Moreover, Defendant in this action and the Thrillz defendants have distinct legal relationships to Plaintiff, and they owe her distinct legal duties. Defendant in this action was required to design and manufacture the airbag in compliance with the CPLA and provide sufficient warnings and instructions regarding its use; the Thrillz defendants in the state action, in turn, were required to properly follow the warnings and instructions provided by Defendant when using the airbag, and to otherwise refrain from operating the adventure park in a way that would negligently harm Plaintiff. To be sure, there is a certain commonality here, given that the airbag is an important subject of both Defendant's and the Thrillz defendants' respective legal obligations to Plaintiff. But this commonality of subject matter alone does not render the two proceedings parallel, given that the various defendants' legal obligations to Plaintiff are grounded in distinct laws and subject to different standards. *See Dittmer*, 146 F.3d at 118 (explaining that "commonality in subject matter does not amount to the 'contemporaneous exercise of concurrent jurisdictions'").

Relatedly, because there is no identity of parties, there is also no identity of the issues to be litigated in the two proceedings. Plaintiff's CPLA claim against Defendant in the present federal action pertains to Defendant's negligent or strict liability in designing the airbag, manufacturing the airbag, or warning buyers of the dangers associated with the airbag.[2] In other

---

[2] The CPLA provides the exclusive remedy for all claims against a product seller for harm caused by the product. Conn. Gen. Stat. §§ 52-572m(b), 52-572n(a). It effectively consolidates all common law claims against a product seller for the purpose of simplified pleading and incorporates the associated substantive common law standards, such as strict liability, negligence, and breach of warranty. *LaMontagne v. E.I. du Pont de Nemours & Co.*, 41 F.3d 846, 855–56 (2d Cir. 1994) (explaining that, because the CPLA provides the exclusive remedy for claims falling within its scope but "was not meant to alter the substance of a plaintiff's rights or the facts that a plaintiff must prove in order to prevail," the court should "assess [the] plaintiffs' theories of recovery in light of the Connecticut common-law requirements") (citing *Winslow v. Lewis-Shepard, Inc.*, 212 Conn. 462, 470–71 (1989)). Product liability claims may arise under a theory of manufacturing defect, design defect, or failure to warn. *See McConologue v. Smith & Nephew, Inc.*, 8 F. Supp. 3d 93, 99 (D. Conn. 2014) (citing *Breen v. Synthes-Stratec, Inc.*, 108 Conn. App. 105, 110 (2008)).

words, in this action, Plaintiff must prove Defendant is liable for unsafely *producing* the airbag. In the state court action, Plaintiff claims that the Thrillz defendants negligently caused her injuries by unsafely *employing* the airbag or otherwise operating the adventure park.  After comparing these distinct claims, the Court concludes there is minimal identity of the issues to be litigated. Plaintiff's CPLA claim against Defendant encompasses a broader scope of liability than her negligence claims against the Thrillz defendants because the CPLA claim raises theories of negligence, strict liability, and breach of warranty, *see infra,* note 2, whereas the negligence claims are limited to just that theory of liability.  These distinct causes of action will require Plaintiff to prove different essential elements.  *See Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (abstaining where both proceedings involved causes of action with the same "essential elements").

Moreover, while there may be some overlap, the resolution of Plaintiff's claims against the Thrillz defendants will not necessarily resolve her claim against Defendant here, nor will resolution of her claim against Defendant resolve her claims against the Thrillz defendants.  *See Garaghty v. Wüsthof-Trident of Am., Inc.*, No. 3:21-CV-95 (VAB), 2022 WL 503926, at *4 (D. Conn. Feb. 18, 2022) (quoting *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014), for the proposition that "parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case").  Accordingly, the issues raised in one proceeding are not substantially the same as, or necessarily implicated by, the other

proceeding.³  *See Cuomo*, 854 F.2d at 603 (declining to abstain because "the issues engendered in the state actions are dissimilar to those presented" in the federal action); *Pike Co. v. Universal Concrete Prods., Inc.*, 284 F. Supp. 3d 376, 387 (W.D.N.Y. 2018) (finding two actions parallel where the "main issue" in the federal action "is already the subject" of the state case).

Finally, the relief sought is different in the two actions.  In the state action, Plaintiff seeks only "monetary damages," and does not seek punitive damages or attorney's fees, as neither would be available under the causes of action she is pursuing against the owners and operators of te adventure park.  In the federal action, by contrast, Plaintiff seeks compensatory damages and an award of punitive damages and attorney's fees, which are permitted by the CPLA, *see* Conn. Gen. Stat. § 52-240a.  This renders the relief sought different.  *See Woodford*, 239 F.3d at 524 (holding that the availability of attorneys' fees on the claims in the federal action renders the relief requested in that action greater than, and thus different from, the relief sought in the state action).

In sum, the two proceedings do not involve identity of parties, issues to be litigated, or relief sought, and thus are not parallel.  Under such circumstances, *Colorado River* abstention is not proper, and Plaintiff's motion to remand on that ground must be denied.

### C. Six-Factor Balancing Test

Even if the two proceedings were parallel, however, *Colorado River* abstention would still not be warranted here under the six-factor balancing test.  *See Planz*, 2021 WL 6693895, at *5

---

³ Plaintiff does not argue that the Thrillz defendants' liability will necessarily implicate Defendant's liability, or that Defendant's liability will necessarily implicate the Thrillz defendants' liability, under a possible crossclaim for contribution, *see* Conn. Gen. Stat. § 52-572*o*(e) (regarding contribution actions under the CPLA), or indemnification. While such a defense or crossclaim may very well expand the overlap between the proceedings, it would be premature for the Court to heavily weight this factor.  In reviewing the Thrillz defendants' answers to Plaintiff's complaint, which are available on the state trial court docket, none of the Thrillz defendants raises contribution or indemnification by Defendant as a defense, and none has asserted a crossclaim against Defendant.  In this case, Defendant has not yet responded to the complaint, and thus the Court cannot know, at this juncture, whether Defendant intends to raise a defense of contribution or indemnification.  Given that Plaintiff has not raised this issue, and that the status of a contribution or indemnification defense in this action is unknown, the Court cannot find that the possibility of such a defense renders the two actions parallel.

(finding two actions not parallel but nevertheless considering the six-factor balancing test). As noted above, the six factors are: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 121.

The first factor, the assumption of jurisdiction over real property, is not implicated in this action or the state action. But "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford*, 239 F.3d at 522. *See also De Cisneros*, 871 F.2d at 307 (reasoning that the absence of jurisdiction over real property weighed in favor of exercising federal jurisdiction); *Richard Mfg. Co. v. Richard*, No. 3:17-CV-1444 (VAB), 2018 WL 3626431, at *8 (D. Conn. July 30, 2018) (same). Thus, this factor favors exercising federal jurisdiction.

The second factor, the convenience of the federal forum, also favors exercising federal jurisdiction. There is no meaningful geographic difference between litigating at the federal courthouse in Hartford and litigating at the state courthouse in Stamford where this action was initiated. *See Bradley v. Kelly*, 479 F. Supp. 2d 281, 286 (D. Conn. 2007) (finding the convenience of the federal court in New Haven, Connecticut "equal" to the convenience of the Rhode Island state court); *Richard Mfg. Co.*, 2018 WL 3626431, at *8 ("There should be no meaningful difference for the parties to litigate in Bridgeport as opposed to Waterbury."). Plaintiff contends that the state court is more convenient because it implements certain favorable rules and procedures, but at least one court in this district has found such considerations irrelevant to this factor, in reliance on the geographic focus of *Colorado River*. *Martiashvili v. Canales*, No. 3:21-CV-1643 (SRU), 2022 WL 682246, at *2 n.1 (D. Conn. Mar. 8, 2022) ("Plaintiff construes the

9

convenience factor as referring to court rules and procedure, an inapposite analysis. *Colorado River* calls for a geographic assessment of convenience."). Where, as here, the federal court is just as *geographically* convenient as the state court, this factor weighs in favor of exercising federal jurisdiction. *Id.*; *Vill. of Westfield*, 170 F.3d at 122 ("We have held that where the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court.").

The third factor, avoidance of piecemeal litigation, mirrors many of the considerations supporting the Court's conclusion that the proceedings are not parallel. The Second Circuit has explained that *Colorado River* abstention is particularly warranted to avoid piecemeal litigation when multiple actions pose "a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel," *Woodford*, 239 F.3d at 524, such as when the issues involved in both actions are "inextricably linked," *De Cisneros*, 871 F.2d at 308. Here, however, the issues implicated in the state court action regarding the Thrillz defendants' negligence are not inextricably linked with the issues implicated in the present federal action regarding Defendant's liability under the CPLA because those distinct liabilities pertain to different conduct. In other words, a state court judgment that the Thrillz defendants negligently caused Plaintiff's injury is not necessarily inconsistent with a federal court judgment that Defendant caused Plaintiff's injury by defectively designing or manufacturing the airbag. As noted above, such outcomes could conceivably be inconsistent if either Defendant or the Thrillz defendants asserted defenses or crossclaims against each other for contribution or indemnification. *See supra* footnote 3. But no such defenses or claims have been raised in the state court action or the present action. Thus, as currently pled, there is no risk of inconsistent or piecemeal litigation, and this factor favors exercising federal jurisdiction. Recognizing that Defendant has not yet asserted its defenses in a responsive pleading, however, this factor is somewhat weaker than the first two.

10

The fourth factor, the order in which jurisdiction was obtained, weighs somewhat in favor of abstention. This factor considers not just which complaint was filed first, but "how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. The state action has been pending since July of 2020. Discovery is well underway, and trial is scheduled to begin in May of 2023. By contrast, the federal action is in a nascent stage, with discovery effectively stayed until after the Court's ruling on the present motion to remand. Thus, this factor favors abstention. *See Vill. of Westfield*, 170 F.3d at 123 (finding abstention improper where there was considerable progress in the federal action and comparatively limited progress in the state action); *Bull & Bear Grp., Inc. v. Fuller*, 786 F. Supp. 388, 393 (S.D.N.Y. 1992) (finding this factor weighing in favor of abstention because the state court was "involved in this controversy for far longer than the federal action has been pending"). *But see De Cisneros*, 871 F.2d at 308 (finding this factor effectively neutral because both actions were "still in the discovery stage; no decision on the merits of any issue has yet been issued in either forum").

The fifth factor, whether state or federal law supplies the rule of decision, weighs somewhat in favor of exercising federal jurisdiction. The Second Circuit has candidly acknowledged that this factor generally "cuts both ways" when applied to a case arising under the district court's diversity jurisdiction. *De Cisneros*, 871 F.2d at 309. A federal court applies state law in a diversity case, but this factor nevertheless weighs in favor of exercising federal jurisdiction when the case involves "only routine issues of state law" because the federal court is "fully capable" of applying the state's substantive law. *Pike Co.*, 284 F. Supp. 3d at 391 (citations and internal quotation marks omitted). *See also Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (explaining that, because "[s]tate law provides the rule of decision in all diversity cases," this factor weighs in favor of abstention only in "rare circumstances"). On the

11

other hand, when the diversity case involves a novel or particularly complex issue of state law, this factor weighs in favor of abstention. *See De Cisneros*, 871 F.2d at 309; *Telesco*, 765 F.2d at 363. Here, Plaintiff has not identified any novel or complex issue of state law raised in the present action. Under such circumstances, this factor "does not strongly advise dismissal," *Vill. of Westfield*, 170 F.3d at 124, so it weighs somewhat in favor of exercising federal jurisdiction.

The sixth factor, whether the state court will adequately protect Defendant's rights, is neutral, which effectively favors exercising federal jurisdiction. This factor inquires "whether the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). Rarely, such as when a state court action is proceeding at an exceptionally slow pace, this factor takes on special importance and weighs strongly in favor of exercising federal jurisdiction. *See id.* (concluding that this factor weighed in favor of exercising federal jurisdiction because the district court was "aware of the slow pace of the state court proceeding"); *Bethlehem Contracting Co.*, 800 F.2d at 328 (explaining that this factor "is more important when it weighs in favor of federal jurisdiction"). When "[t]here is no reason to think that the state court would not adequately protect" the rights of the party invoking federal jurisdiction, however, this factor carries little weight because "that in itself is not sufficient reason to abstain." *State Farm Mut. Auto Ins. Co. v. James M. Liguori, M.D., P.C.*, 589 F. Supp. 2d 221, 240 (E.D.N.Y. 2008); *see also Bethlehem Contracting Co.*, 800 F.2d at 328 (explaining that this factor is "of little weight" when the state court proceeding will adequately protect the party's interest). Here, neither party disputes that the state court would adequately protect Defendant's rights. Thus, this factor "provides no reason to abstain from exercising federal jurisdiction" and is effectively neutral. *Pike Co.*, 284 F. Supp. 3d at 391–92; *see also Richard Mfg. Co.*, 2018 WL 3626431, at *9 (finding the sixth factor neutral

12

because a state court could adequately protect the defendant's rights). Because "the facial neutrality of a factor is a basis for retaining jurisdiction," *Woodford*, 239 F.3d at 522, this factor weighs in favor of exercising federal jurisdiction.

In sum, five out of six of the *Colorado River* factors weigh in favor of exercising federal jurisdiction. Specifically: the federal forum is just as geographically convenient as the state court; there is currently no likelihood of piecemeal litigation; and, although state law provides the rule of decision, Plaintiff has not identified a novel or complex aspect of state law involved in the present action. In addition, the two neutral factors—the absence of jurisdiction over real property and the state court's ability to adequately protect Defendant's rights—weigh in favor of exercising jurisdiction. *See id.* Only one factor weighs in favor of abstention, given that discovery in the state court action is well underway and the federal action has barely begun. But the Court's task is to "ascertain whether there exist *exceptional circumstances* that justify the surrender of federal court jurisdiction." *Vill. of Westfield*, 170 F.3d at 124 (emphasis added) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25–26). That the state court action is further along is not the kind of exceptional circumstance that warrants *Colorado River* abstention, given the "heavy presumption favoring the exercise of jurisdiction." *Bethlehem Contracting Co.*, 800 F.2d at 327. Plaintiff contends that abstention would promote the interest in judicial economy that underlies the *Colorado River* abstention doctrine, ECF No. 22 at 4, but the Court lacks discretion to abstain solely on that basis when, as here, the action does not meet the other requirements for abstention. *Woodford*, 239 F.3d at 523 ("Because abstention is contrary to a federal court's normal duty to adjudicate a controversy over which it has jurisdiction, the court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine

involved. Thus, there is little or no discretion to abstain in a case which does not meet traditional abstention requirements.") (quoting *Vill. of Westfield*, 170 F.3d at 120).

Accordingly, *Colorado River* abstention is not proper.

### IV.     CONCLUSION

For the reasons described above, Plaintiff's motion to remand, ECF No. 17, is DENIED. Defendant's response to the complaint is due **January 11, 2023**. The parties' Joint Rule 26(f) Report is due **January 25, 2023**. *See* ECF No. 19.

**SO ORDERED** at Hartford, Connecticut, this 21st day of December, 2022.

  /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE